## In re Jefferson Title and Trust Company

*Shippen Lewis* and *Reynolds D. Brown*, for rule.
*Meredith Hanna*, principal deputy prothonotary, contra.

STERN, P. J., October 6, 1932.—The secretary of banking, having taken possession of the business and property of the Jefferson Title and Trust Company, is about to file with the prothonotary, in accordance with section forty-five of the Banking Act of June 15, 1923, P. L. 809, his first and partial account. He has offered to pay to the prothonotary the filing fee of $2.50, but the prothonotary demands an additional fee of fifty cents a page for recording the account, which recording fee would amount in this case to $258. The secretary of banking asks that the prothonotary be directed to receive and file the account without receiving or demanding the additional fee.

The question turns on the Act of April 25, 1850, P. L. 569, Sec. 19, which provides that it shall be the duty of the prothonotary to record, in a book or books to be procured for that purpose, "all accounts of assignees, trustees, sequestrators and committees, and all reports of auditors thereon," etc. For these services the prothonotary was to be allowed fees which, by subsequent legislation, would in this case amount to the sum demanded by the prothonotary.

The secretary of banking contends that the account which he proposes to file is not one that need be recorded under the act cited.

Facts have been presented to the court in regard to the usefulness or lack of usefulness of such recording, as to the delays in making the records due to lack of help in the prothonotary's office, and as to the large amount of fees which would be received by the prothonotary from the accounts filed or to be filed by the secretary of banking in possession of the banks which have been taken over by him. With all of these matters, however, the court is not concerned. The only question before us is as to whether or not the Act of 1850 covers the case.

In our opinion, the act does not apply to the accounts of the secretary of banking. The act is what might be called a technical one, in that it provides for the recording of certain documents in the prothonotary's office, and, therefore, would invoke the interest only of lawyers and of the prothonotary and not that of laymen. Of course, such recording is not similar to that in the

recorder of deeds office, since the object of the recording by the prothonotary is not to give notice to any parties, but presumably is merely the better to preserve the record of such documents for inspection by parties in interest. The act uses technical legal words, to wit, "assignees, trustees, sequestrators and committees." It does not contain the word "receivers," nor any general language extending the group beyond that constituted by the four classes of persons to which it is limited. If the legislature had meant to make the act applicable to receivers as well as assignees, trustees, sequestrators and committees, which it specifically designates, it could easily have so provided. It is a general rule of statutory interpretation that technical legal words are not to be extended beyond their restricted technical meaning, for the legislature, in using such words, is to be presumed to have known their exact meaning and to have intended them in their technical sense: 59 C. J. 979, Sec. 578.

The secretary of banking is not called a receiver in the Banking Act of 1923. He is directed in certain cases to take possession of the business and property of certain corporations, although it is true that section twenty-nine of the Banking Act gives him all the rights, powers and duties of a receiver appointed by any court of equity in the Commonwealth. Even if, however, he be technically considered to be a receiver—which in substance he undoubtedly is—his accounts would not come within the phraseology of the Act of 1850.

The prothonotary informs the court that it has long been his custom to record accounts of receivers, but be this as it may, it is obvious that he cannot enlarge the provisions of the act merely by his own interpretation of them or by a usage even if concurred in by members of the bar. We are the more inclined to refuse to extend the scope of the act beyond its express provisions by reason of the fact that modern conditions affecting the practical aspects of the case are quite different from those which existed when the Act of 1850 was passed.

The court makes absolute the petitioner's rule and directs the prothonotary to receive the first and partial account of the secretary of banking in possession of the business and property of Jefferson Title and Trust Company without requiring any fee additional to that of the filing fee of $2.50.